UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| | ) Civil Action No. 7:18-cr-00577-BHH |
| | ) |
| v. | ) **Opinion and Order** |
| | ) |
| Deltrick Dujuan Dandy, | ) |
| | ) |
| Petitioner. | ) |
| _____ | ) |

On September 14, 2018, Deltrick Dujuan Dandy ("Petitioner") pleaded guilty to a one-count indictment charging him with unlawful possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (ECF No. 24). Petitioner, proceeding *pro se*, now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. ––, 139 S. Ct. 2191 (2019).[1] Petitioner contends he was not told before his guilty plea that it is an element of the crime that he knew he belonged to the relevant category of persons barred from possessing a firearm. (ECF No. 53.) Thus, Petitioner claims his guilty plea was not knowing and voluntary and was, therefore, unconstitutional. (ECF Nos. 53, 59.) The Government filed a motion in opposition and for summary judgment. (ECF No. 56-1.) Petitioner filed a reply. (ECF No. 59.) This matter is ripe for resolution.

---

[1] In *Rehaif*, the Supreme Court held that to be convicted of knowing possession of a firearm by a prohibited person, 18 U.S.C. §§ 922(g), 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

1

I.   **FACTS AND PROCEDURAL BACKGROUND**

On September 14, 2018, Petitioner pleaded guilty to a one-count indictment, specifically charging:

> That on or about August 1, 2017, in the District of South Carolina, the Defendant, DELTRICK DUJUAN DANDY, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess, in and affecting commerce, a firearm and ammunition, that is a Ruger .22 caliber pistol and ammunition, all of which had been shipped and transported in interstate and foreign commerce;
>
> In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

(ECF No. 2. S*ee also* ECF Nos. 22-24.) During the plea colloquy, Petitioner testified that he had reviewed the indictment with his lawyer, and he agreed that the following stipulation provided a factual basis for the charge: "that Mr. Dandy did knowingly possess a firearm and that it was in and affecting interstate commerce and that he does have a prior felony conviction." (ECF No. 53 at 13.)

Prior to sentencing, a Presentence Investigation Report ("the PSR") was prepared. (ECF No. 29.) At the time Petitioner pleaded guilty to the indictment, he had previously been convicted of at least three violent felonies punishable by imprisonment for a term exceeding one year, and he had been sentenced to more than one term of imprisonment exceeding one year. (*See id.* at Part B, pp. 5-13.) Specifically, Petitioner's Base Offense Level was 24 because he committed the offense after receiving at least one felony conviction for a crime of violence or controlled substance offense. (*Id.* ¶ 47.) Petitioner received a four-level enhancement because Petitioner had at least three prior convictions for a violent felony committed on occasions different from one another. (*Id.* ¶ 53.) With a three-point deduction for acceptance of responsibly, Petitioner had a Total Offense Level

of 30 and a Criminal History Category of VI, which resulted in a restricted advisory guidelines range of 180 to 210 months of imprisonment. (*Id.* ¶ 75.) Petitioner raised no objections to the PSR. (ECF No. 29-1.)

On March 19, 2019, this Court sentenced Petitioner to a term of 180 months' imprisonment. (ECF Nos. 34, 35.) Petitioner appealed his 180-month sentence, challenging only his status as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012).[2] Petitioner did not challenge the validity of his guilty plea on direct appeal.[3] On November 7, 2019, the Fourth Circuit Court of Appeals affirmed Petitioner's sentence, and Petitioner's conviction became final on December 3, 2019. (ECF Nos. 50, 51.) Petitioner's § 2255 motion was filed on February 8, 2021, asserting a *Rehaif* claim. (ECF No. 53.) In response, the Government filed its motion in opposition and for summary judgment, arguing that Petitioner's claim is procedurally defaulted and should be dismissed. (ECF No. 56-1.)

II.     **STANDARD OF REVIEW**

A federal prisoner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).[4] A sentence is "otherwise subject to collateral attack" if a petitioner shows that the proceedings suffered from "a fundamental defect which inherently results in a

---

[2] *See* USCA4 Appeal: 19-4207, Doc: 13, filed July 16, 2019.
[3] *See id.*
[4] A motion for relief under 28 U.S.C. § 2255 must normally be brought within one year of the date that the movant's judgment became final. Courts do not usually raise timeliness issues *sua sponte*, and no reason appears to consider it here in light of the Government's statement that the motion "appears to be timely." (ECF No. 56-1 at 3.)

3

complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (cleaned up). "This standard is only satisfied when a court is presented with exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (cleaned up).

If raised by the government, a claim is procedurally defaulted and subject to dismissal if it could have been made on direct appeal but is raised for the first time in post-conviction proceedings*. See Bousley v. United States*, 523 U.S. 614, 621 (1998). "Two showings excuse a procedural default: a defendant's demonstration of 'either cause and actual prejudice or that he is actually innocent.'" *United States v. McKinney*, 60 F.4th 188, 193 (4th Cir. 2023) (citing *Bousley*, 523 U.S. at 622).

### III.     DISCUSSION

Petitioner argues that he is entitled to habeas relief because his guilty plea is unconstitutional due to the *Rehaif* error. The Government moves for summary judgment, arguing that under binding Supreme Court precedent Petitioner procedurally defaulted his *Rehaif* claim on collateral review by failing to challenge on direct review the constitutional validity of his guilty plea on the basis the court misinformed him about the elements of the offense. The Court agrees with the Government.

Accordingly, the Court finds that it may consider the merits of Petitioner's *Rehaif* claim on collateral review only if Petitioner can first demonstrate either cause for the procedural default and resulting prejudice or that he is actually innocent of violating §§ 922(g)(1) and 924(a)(2), as alleged in the indictment.

### A. Petitioner Cannot Demonstrate Cause

"Generally, the existence of cause for procedural default turns on whether some objective factor external to the defense prevented counsel from raising the claim on direct appeal." *McKinney*, 60 F.4th at 193 (cleaned up). Here, Petitioner states that he did not previously raise this issue on appeal because it was "not available." (ECF No. 53 at 5, 7-9.)

The Court notes that the Supreme Court decided *Rehaif* on June 21, 2019 – during the pendency of Petitioner's appeal. Indeed, Petitioner filed his notice of appeal on March 29, 2019, and he was provided a court-appointed attorney on April 4, 2019. (ECF Nos. 38, 44.) On July 16, 2019, through counsel, Petitioner filed "Brief of Appellant" with the Fourth Circuit, arguing solely that the district court erred in sentencing Petitioner as an armed career offender pursuant to 18 U.S.C. § 924(e).[5] The Fourth Circuit did not issue its opinion denying Petitioner's appeal until November 7, 2019. (ECF No. 50.) Thus, the instant argument was "available" to raise on direct appeal.[6] Moreover, even if *Rehaif* had

---

[5] *See* USCA4 Appeal: 19-4207, Doc: 13, filed July 16, 2019.

[6] In his reply, it appears Petitioner is attempting to argue that this procedural default is excused by ineffective assistance of trial and/or appellate counsel. (*See* ECF No. 59 at 7.) Assuming *arguendo* that this claim is properly before the Court based on Rule 5 of the Rules Governing Section 2255, *see* ECF No. 56-1 at 6-7, it fails to establish cause to excuse his procedural default. "A bare assertion that [trial or] appellate counsel failed to raise [a *Rehaif*] claim[] on direct appeal is too vague and conclusory to establish ineffective assistance of counsel." *Lurry v. United States*, No. 321CR235RJCDCK1, 2023 WL 4750820, at *4 (W.D.N.C. July 25, 2023). *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (stating that vague and conclusory allegations in a § 2255 petition may be disposed of without further investigation by the district court). Petitioner has not demonstrated that his involuntary plea argument "had a reasonable probability of success had counsel raised [it] on direct appeal." *Lurry*, 2023 WL 4750820, at *4. Indeed, as set forth herein, Petitioner's claim is conclusively refuted by the record such that the Court finds counsel was not deficient for failing to raise it and, had counsel done so, it would have been rejected. *See United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (stating that conduct by counsel that is not constitutionally defective cannot serve as cause and prejudice to excuse procedural default); *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (stating that a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Lastly, to the extent Petitioner is arguing that ineffective assistance of trial counsel rendered his guilty plea involuntary, the Court finds Petitioner cannot demonstrate a reasonable probability that he would not have

been decided after the time expired for Petitioner to file his direct appeal (and it is undisputed *Rehaif* was pending at the time of Petitioner's guilty plea), the instant argument was *still* reasonably available to Petitioner and his counsel to raise on direct appeal.

A change in the law constitutes "cause" only if "a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984); *see also McKinney*, 60 F. 4th at 193-94. "[A]lleged futility cannot serve as 'cause' for a procedural default in the context of collateral review . . . if it means simply that a claim was unacceptable to that particular court at that particular time." *Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (*citing Bousley*, 523 U.S. at 623).

Although claims that are "so novel that [their] legal basis is not reasonably available to counsel may constitute cause for a procedural default," *Bousley*, 523 U.S. at 622, "claims about the statutory language that have been repeatedly litigated do not qualify." *Gray v. United States*, No. 3:19 C 607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020). "In Bousley the Supreme Court declined to except from procedural default petitioner's argument that the federal firearm possession statute's application changed after the Court interpreted 'use' as different from mere possession. The fact that a claim was unacceptable to a particular court at the particular time of a plea does not suffice to overcome a procedural default." *Id.* (citing *Bousley*, 523 U.S. at 622).

Petitioner's claim here is virtually identical to the one made—and rejected—in *Bousley* "in that numerous courts have opined on the 'knowledge of status' argument

---

pleaded guilty, and would have proceeded to trial, but for counsel's allegedly deficient performance. *See discussion infra*, at Section B.

[Petitioner] asserts here prior to *Rehaif*." *Id*.; *see, e.g., United States v. Oliver*, 693 F.2d 224, 229 (7th Cir. 1982); *United States v. Pruner*, 606 F.2d 871, 873-74 (9th Cir. 1979); *United States v. Williams*, 588 F.2d 92, 92-93 (4th Cir. 1978) (per curiam); *United States v. Goodie*, 524 F.2d 515, 518 (5th Cir. 1975); *United States v. Wiley*, 478 F.2d 415, 418 (8th Cir. 1973). Given the plethora of challenges levied against § 922(g), Petitioner's claim does not qualify as novel, "either generally or in its particular application to the statute under which he was convicted," *Gray*, 2020 WL 127464, at *3.

Indeed, several district judges in the Fourth Circuit have rejected novelty and futility as grounds to establish cause in a cause and prejudice analysis. *See, e.g., United States v. Asmer*, Crim. No. 3:16-423, 2020 WL 6827829, at *5–7 (D.S.C. Nov. 20, 2020) (relying on *Bousley* and *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001), to reject § 2255 Petitioner's argument that novelty and futility demonstrated cause for his failure to raise *Rehaif*-type claim on direct review), appeal dismissed, No. 21-6064 (4th Cir. Sept. 29, 2021) (slip. Op.); *United States v. Jackson*, No. Cr. 3:17-810-CMC, 2021 WL 694848, at *10 (D.S.C. Feb. 23, 2021) (holding, in context of § 2255 motion, defendant did not demonstrate cause to excuse his failure to raise *Rehaif*-type claim on direct review because no objective external impediments prevented him from doing so); *Wilson v. United States*, Nos. 3:14CR254, 3:19CV280, 2020 WL 4950930, at *8 (W.D.N.C. Aug. 24, 2020) (holding, in context of § 2255 motion, defendant could not demonstrate cause for failure to raise *Rehaif*-type claim on direct review), appeal dismissed, No. 20-7436, 2020 WL 9148121 (4th Cir. Nov. 30, 2020); *United States v. Vasquez-Ahumada*, No. 5:18CR5, 2020 WL 3213397, at *2 (W.D. Va. June 15, 2020) (same); *United States v. Mayo*, No. 4:12cr00032-003, 2020 WL 2476167, at *2 (W.D. Va. May 13, 2020) (same);

*Watkins v. United States,* No. 1:18CR379, 2023 WL 2753240, at *3 (M.D.N.C. Jan. 20, 2023), report and recommendation adopted, No. 1:18-CR-379-1, 2023 WL 2743134 (M.D.N.C. Mar. 31, 2023) (same and collecting cases). Accordingly, the Court finds that Petitioner has not demonstrated cause sufficient to excuse his procedural default.

Because Petitioner cannot show cause, he cannot avoid the procedural bar to the Court considering his *Rehaif* claim on the merits in the instant § 2255 motion unless he can demonstrate actual innocence. Accordingly, the Court need not analyze the prejudice prong of the cause and prejudice analysis. However, given relevant developments in the law since the filing of the parties' motions, the Court will address the prejudice prong.

### B.  Petitioner Cannot Show Actual Prejudice

To show actual prejudice on collateral review, Petitioner must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).  This is so despite the Fourth Circuit's now defunct holding in *United States v. Gary*, 954 F. 3d 194 (4th Cir. 2020), that a *Rehaif* "error is structural, which per se affects a defendant's substantial rights." *Gary*, 954 F.3d at 200. In *Greer v. United States*, 593 U.S. ––––, 141 S. Ct. 2090 (2021), the Supreme Court reversed *Gary* and made clear that "a *Rehaif* error in a plea colloquy is . . . not structural," as it "fit[s] comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" *Greer*, 141 S. Ct. at 2100 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)). Thus, to show actual prejudice, Petitioner must demonstrate that the *Rehaif* error at his guilty plea hearing prejudiced him by denying him an entire judicial proceeding to which he had a right.

8

Given the evidence discussed herein, the Court holds that "any [*Rehaif*] error during [Petitioner's] Rule 11 Colloquy could not have affected [his] substantial rights, [and therefore he] cannot show actual prejudice excusing his procedural default." *United Sates v. Bowman*, 267 F. App'x 296, 300 (4th Cir. 2008). The following words (adapted) from Judge Currie's disposition of a similar *Rehaif* claim in *United States v. Sumter*, No. 3:02CR499, 2021 WL 3173176, at *10-11 (D.S.C. July 27, 2021), illuminates the path to that conclusion:

> As the Supreme Court recently observed in *Greer* in the materially analogous situation of determining whether a defendant asserting *Rehaif* error could satisfy the substantial-rights prong of the plain-error test:
>
>> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. The simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a reasonable probability that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.
>
> *Greer*, 141 S. Ct. at 2097.
>
> All of this has played out in [Petitioner's] case, evincing his uphill climb to establish he has suffered actual prejudice as the result of the *Rehaif* error in his case. [Petitioner] admitted in the factual basis for his guilty plea [and in a statement to the Probation Office] that, as of [the date of the instant offense], he had been convicted of [a] crime[ ] punishable by a term of imprisonment exceeding one year for which he had never been pardoned . . . .

9

Although the [C]ourt could correctly end its actual prejudice analysis [t]here, the [C]ourt [also may take] note [of] the undisputed evidence in the habeas record powerfully illustrat[ing] the lack of actual prejudice flowing from the *Rehaif* error in [Petitioner's] case, for it ably demonstrates: (1) the Government could have presented a strong case at trial against [Petitioner] on the missing *Rehaif* element for which he had no viable defense; and (2) pleading guilty offered [Petitioner] a better outcome than he most assuredly would have achieved had he gone to trial. The Government's obligation to prove a defendant's knowledge of his felony status is not burdensome, as "knowledge can be inferred from circumstantial evidence." *Rehaif*, [588 U.S. ——], 139 S. Ct. at 2198. The Government most assuredly would have put before the jury undisputed evidence regarding [Petitioner's multiple prior felony] convictions . . . . Had the Government put this evidence before a jury on the missing *Rehaif* element, for which [Petitioner] had no viable defense, the jury in all reasonable likelihood would have found, on [the date he possessed a firearm], [he] knew he had been previously convicted of at least one crime punishable by a term of imprisonment exceeding one year. *See Greer*, 141 S. Ct. at 2097–98 (holding defendants' prior multipl[e] felony convictions constituted "substantial evidence that they knew they were felons" at time they possessed firearms as alleged in federal indictments for felon-in-possession offenses). Moreover, not to be overlooked in the actual prejudice analysis is the fact, if convicted [of the instant offense] following a jury trial, [Petitioner] would have lost his three-level decrease in his total offense level for acceptance of responsibility by pleading guilty, thus increasing his sentencing range under the Guidelines from [180] to [210]-months imprisonment to [235] to [293]-months imprisonment. USSG Ch 5. Pt. A (Sentencing Table) [(2018) (cell for Offense Level 30 and Criminal History Category VI versus cell for Offense Level 33 and Criminal History Category VI)]. Given the [C]ourt sentenced [Petitioner at the bottom] of his Guidelines range [and to the mandatory minimum term of imprisonment required by statute], if convicted on [the instant offense] at trial, [he] likely would have received a sentence in the neighborhood of [55] months longer than he received by pleading guilty to [the instant offense]. [Four-and-a-half] years spent in incarceration is a substantial bite out of anyone's life, and the [C]ourt [should conclude], in the absence of *Rehaif* error, [Petitioner] would have chosen to lop that time off his sentence by pleading guilty in the face of how easily the Government could have proven the missing *Rehaif* element.

To summarize, when the overwhelming strength of the case the Government could have presented at trial on the missing *Rehaif* element is considered with the benefit of the bargain [Petitioner] would have lost had he not pleaded guilty, the likelihood [he] would have chosen to roll the dice at trial . . . had he known about the missing *Rehaif* element prior to his guilty plea is nil.

10

*Sumter*, 2021 WL 3173176, at *10-11 (emphasis, some internal citations, some parentheticals, and some quotation marks omitted). Notably, Petitioner himself has not asserted that he would have chosen to roll the dice at trial. In sum, Petitioner has not demonstrated that the *Rehaif* error worked to his actual and substantial disadvantage.[7] *See Smith v. Murray*, 477 U.S. 527, 494 (1986) (noting actual prejudice requires a showing of substantial disadvantage that infected the entire proceedings with "error of constitutional dimensions").

### C. Petitioner Cannot Show Actual Innocence Following His Guilty Plea

Finally, a petitioner can excuse his procedural default by showing that he is actually innocent. To establish actual innocence, a prisoner must demonstrate that, "in light of all the evidence," "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (internal quotation marks omitted). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "[T]his standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) (internal quotation marks omitted).

---

[7] Even if Petitioner were able to overcome his procedural default, the Court finds his claim would fail on the merits because he cannot show the *Rehaif* error had a substantial and injurious effect on his conviction or otherwise prejudiced him. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (holding an error is harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict"); *see also United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013) (holding Brecht's harmless-error review standard, applicable to § 2254 cases, is also applicable to § 2255 cases). Notably, Petitioner's burden to establish prejudice under the harmless-error standard is even higher than under the plain-error standard set out in *Greer*. Thus, for the reasons articulated *supra*, the Court finds that Petitioner has failed to show actual prejudice under the harmless-error standard. Consequently, the Court finds the *Rehaif* error harmless. *See Davis v. Ayala*, 576 U.S. 257, 267–68 (2015) ("Under this test, relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining [the outcome of the proceeding].") (citation and internal quotation marks omitted).

11

Here, Petitioner cannot show actual innocence. The record indicates that Petitioner was aware he had previously been convicted of a crime punishable by more than one year of incarceration. As noted above, the PSR's criminal history section sets forth multiple felony convictions for which Petitioner served 12 months or more in prison. (ECF No. 29, at 5-13.) Indeed, at the time of his arrest that led to the conviction from which he now seeks relief, Petitioner had served several years in prison. (*Id.*). *See United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020) (holding that someone who spent over a decade in prison for a prior offense could not "plausibly argue that he did not know his conviction had a maximum punishment exceeding a year"). While the defendant in *Rehaif* reasonably could have been confused about his immigration status, Petitioner could make no such argument about the status of his prior felony convictions for which he served several years in prison. Accordingly, the Court finds Petitioner cannot show that no reasonable juror would have convicted him of unlawfully possessing a firearm. *See United State v. Fugit*, 703 F.3d 248, 258 (4th Cir. 2012) ("[Defendant's] conceded conduct *so surely* satisfies the [statutory] element that it is difficult to conceive of any reasonable juror not convicting him." (emphasis in original)).

Moreover, Petitioner does not provide any new evidence calling into doubt his confession. *Finch v. McKoy*, 914 F.3d 292, 298-99 (4th Cir. 2019) ("To establish an actual innocence claim [Petitioner] must support allegations of constitutional error with new reliable evidence that was not proffered [previously]."). Petitioner pleaded guilty to count I of the indictment, which specifically charged that Petitioner, "having been convicted of a crime punishable by imprisonment for a term exceeding one year," knowingly possessed a firearm. (ECF No. 2.) In addition, Petitioner's factual guilt is further supported by the

12

PSR (e.g., wherein he admitted to a probation officer to possessing a firearm and ammunition after being convicted of a crime that carries a possible punishment of more than a year in prison), and he has not come forward with any evidence to undermine the Court's confidence that he is factually guilty of the offense charged in the indictment. (ECF No. 29.) Accordingly, Petitioner has failed to establish that he is actually innocent of the offense.

IV.     CONCLUSION

Because Petitioner cannot demonstrate cause and prejudice, or actual innocence, to overcome the procedural default of his *Rehaif* claim, the Court grants the Government's motion for summary judgment and dismisses Petitioner's § 2255 motion with prejudice. Accordingly, it is hereby **ORDERED** that Petitioner's § 2255 motion (ECF No. 53) is **denied**, and the Government's motion for summary judgment (ECF No. 56-1) is **granted**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the Court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the Court denies a certificate of appealability.

**IT IS SO ORDERED.**

                                               /s/ Bruce Howe Hendricks
                                               United States District Judge

October 30, 2023
Charleston, South Carolina